Per Curiam.

It clearly appears from the foregoing that the question at issue became moot before the writ was issued requiring respondent to desist from further action in excluding persons from his courtroom “during the trial now in progress before you,” it having been stipulated that the exclusion of spectators ended at 2:35 p. m. on Friday, February 11, 1955, and the record disclosing that the application for the alternative writ was not made until February 14, 1955, and service of summons on the writ was not made until February 15.
*264 The trial judge’s declaration, that, “if, in the future,” a defendant in a criminal case tenders a waiver of a public trial, he, the judge, “will deem it his duty to exercise his discretion, in the interest of a fair and orderly trial, to consider the extent to which he should exclude members of the public, * * * [and he] considers it to be within his jurisdiction and power to exercise his discretion, if circumstances warrant, to exclude entirely from his courtroom all members of the public, including newspapermen, ’ ’ is not a declaration that he will, in the future, automatically grant a request to exclude the public, but only that he will use his discretion in determining whether the circumstances warrant such an order, if and when such a circumstance might arise. Such declaration is not a proper subject of an action in prohibition.
The question being moot and the declaration of the trial judge not being a proper subject of an action in prohibition, the appeal is dismissed.

Appeal dismissed.

Weygandt, C. J., Matthias, Hart, Zimmerman and Stewart, JJ., concur.
Bell and Taft, JJ., concur in the judgment.